IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEON JACKSON, #R18100,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 19-cv-00975-SMY |
| ) | |
| **JOHN BALDWIN,** ) | |
| **SHERRY BENTON,** ) | |
| **JOHN DOE** *Doctor*, ) | |
| **NURSE DOUTLY,** ) | |
| **JANE DOE** *Nurse Practitioner*, ) | |
| **JANE DOE 2** *Doctor or Nurse Practitioner*, ) | |
| **KEVIN KINK, and** ) | |
| **IDOC,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Leon Jackson, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pontiac Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint: On June 9, 2018, Plaintiff went to the healthcare unit at Lawrence Correctional Center ("Lawrence"). Nurse Doutly went from nurse to nurse showing them his medical records. After that, correctional officers walked by him

making snide remarks. Later, John Doe Doctor told him he was sick and had HIV, maybe AIDS. He asked the doctor how long he had it and the doctor told him he had a lawsuit. Thereafter, Plaintiff requested his medical records on numerous occasions and was ignored. Lawrence precluded him from obtaining his medical records because there is evidence pertaining to his claim.

Plaintiff requested medication for his condition from John Doe Doctor and Jane Doe Nurse Practitioner. He also asked them to place him in the infirmary. They denied both requests. Plaintiff filed a grievance and Warden Kink deemed it not an emergency. He filed subsequent grievances that were denied as untimely and duplicative. Plaintiff was told that John Baldwin was aware of the "incident." He was told "several things" by Sherry Benton of the ARB.

In February 2018, while incarcerated at Shawnee Correctional Center, Plaintiff confided in Jane Doe, who was a doctor or nurse practitioner, that he felt numerous symptoms. She gave him a pamphlet about his condition.

In March or April 2018, Plaintiff took a "test" and it was negative. However, when he went to the healthcare unit, nurses and correctional officers acted weird and made stupid and loud comments. He felt something was wrong. A nurse once said his blood count was low, too low. Plaintiff believes the nurses and doctors were aware of his condition and neglected his health.

Based on the allegations in the Complaint, the Court divides this action into the following Counts:

> Count 1: Eighth Amendment deliberate indifference to a serious medical need claim against Kink, Nurse Doutly, John Doe (*Doctor at Lawrence*), and Jane Doe 1 (*Nurse Practitioner at Lawrence*) for denying Plaintiff medical treatment for HIV and/or AIDS.
>
> Count 2: State law medical negligence claim against John Doe (*Doctor at Lawrence*) and Jane Doe (*Nurse Practitioner at Lawrence*) for denying Plaintiff medical treatment for HIV and/or AIDS.
>
> Count 3: Eighth Amendment deliberate indifference to a serious medical need

>claim against Jane Doe 2 (*Doctor or Nurse Practitioner at Shawnee*) for denying Plaintiff medical treatment for HIV and/or AIDS.

Count 4: State law medical negligence claim against Jane Doe 2 (*Doctor or Nurse Practitioner at Shawnee*) for denying Plaintiff medical treatment for HIV and/or AIDS.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. **Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.**[1]

### Preliminary Dismissals

Plaintiff cannot maintain his claim against IDOC because it is a state governmental agency that cannot be sued for money damages. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Accordingly, IDOC will be dismissed with prejudice.

Plaintiff fails to state a claim against John Baldwin and Sherry Benton. He alleges only that he was told Baldwin was aware of the "incident" and Benton told him "several things." These vague allegations are insufficient to state a claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009); *see also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."). Therefore, Baldwin and Benton will be dismissed without prejudice.

In his statement of claim, Plaintiff refers to individuals including nurses, doctors, health care officials, and correctional officers, who are not named as defendants. Claims against any

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

individuals not identified as defendants in the case caption are dismissed without prejudice. *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be specified in the caption).

## **Discussion**

### **Count 1**

To the extent that Plaintiff claims John Doe (*Doctor at Lawrence*) and Jane Doe 1 (*Nurse Practitioner at Lawrence*) denied him medical treatment for HIV and/or AIDS, Count 1 will proceed against them.

The allegation that Warden Kink deemed Plaintiff's grievance not to be an emergency fails to state a claim. *See Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) (the denial or mishandling of a grievance – standing alone – is not enough to violate a constitutional right). That said, an official may be subject to liability if she "knows about unconstitutional conduct and facilitates, approves, condones, or 'turn[s] a blind eye' to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (citing *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996). "Indeed, once an official is alerted to an excessive risk to inmate safety or health through a prisoner's correspondence, 'refusal or declination to exercise the authority of his or her office may reflect deliberate disregard.'" *Id*. at 782. As such, Count 1 will proceed on Plaintiff's claim that Warden Kink was aware he was being denied medical treatment.

The allegation that Nurse Doutly showed Plaintiff's medical records to other nurses does not support a claim for deliberate indifference to a serious medical need. Nurse Doutly will therefore be dismissed without prejudice.

### **Count 2**

The state law medical negligence claim asserted in Count 2 based on the same facts as

4

those relevant to Count 1, will also proceed against John Doe and Jane Doe.

### Counts 3 and 4

District courts have a duty to apply Rule 20 of the Federal Rules of Civil Procedure to prevent improperly joined parties from proceeding together in the same case. *George*, 507 F.3d at 607. Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). Here, the claims in Counts 3 and 4 involve different defendants, separate occurrences, and took place at different prisons, and thus cannot proceed in the same lawsuit as Counts 1 and 2. Accordingly, the Court will exercise its discretion and sever Counts 3 and 4 from this case. *See* Fed. R. Civ. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d at 607; *Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

### Identification of Unknown Defendants

Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, Warden Kink of Lawrence Correctional Center is a defendant and will be added in his official capacity to respond to discovery aimed at identifying the unknown defendants. Guidelines for discovery will be set by the undersigned judge. Once the names of the unknown defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

### Motion for Recruitment of Counsel

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), however, the Court has discretion

to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 654).

Plaintiff provides proof that he has written to one law firm and one legal clinic. The Court finds this is insufficient to establish reasonable attempts to obtain counsel on his own. With respect to his ability to pursue this action *pro se*, he cites a limited education and a limited knowledge of the law and legal terms. Plaintiff's limited knowledge of the law is not unique to Plaintiff as a *pro se* litigant and does not necessarily warrant recruitment of counsel at this time. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. The Court finds that Plaintiff can proceed *pro se*, at least for now. Moreover, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013). The Motion for Recruitment of Counsel (Doc. 3) is denied without prejudice.

### Request to Subpoena Medical Records

In the Complaint, Plaintiff asks the Court to subpoena his medical records. The request is denied at this time. Once discovery commences, Defendants will be required to provide copies of relevant medical records in their initial disclosures to Plaintiff.

### Disposition

**IT IS HEREBY ORDERED** that Counts 3 and 4 are **SEVERED** into a new case against **Jane Doe** (*Doctor or Nurse Practitioner, Shawnee Correctional Center*). The Clerk is

**DIRECTED** to file the following documents into the newly-severed case:

1) The Complaint (Doc. 1);

2) Motion for Leave to Proceed in forma pauperis (Doc. 2);

3) Motion for Recruitment of Counsel (Doc. 3); and

4) This Memorandum and Order.

**IT IS ORDERED** that Count 1 will proceed against John Doe (*Doctor*), Jane Doe (*Nurse Practitioner*), and Kink but is **DISMISSED** without prejudice as to Doutly. Count 2 will proceed against John Doe (*Doctor*) and Jane Doe (*Nurse Practitioner*). This action will also proceed against Kink in his official capacity as the Warden of Lawrence Correctional Center for purposes of responding to discovery aimed at identifying the Doe Defendants.

**IT IS ORDERED** that IDOC is **DISMISSED** with prejudice for failure to state a claim. Baldwin, Benton, and Doutly are **DISMISSED** without prejudice for failure to state a claim. The Clerk of Court is **DIRECTED** to **TERMINATE** IDOC, Baldwin, Benton, and Doutly as parties.

**IT IS ORDERED** that the Clerk of Court shall prepare for Kink (individual and official capacities), and, *once identified*, John Doe and Jane Doe: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer

shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendant John Doe and Jane Doe until such time as Plaintiff has identified each Defendant by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

**IT IS ORDERED** that the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 15, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the Defendants will enter their appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.